Filed May 27, 1890.

————◆————

## No. 14,200.

## BUNTING *v.* GILMORE ET AL.

MORTGAGE.—*Priority of Liens.*—*Subrogation.*—B., the plaintiff, took a conveyance from G. of land subject to a school fund mortgage, which had been foreclosed, agreeing to redeem from the sale which had been made, and to pay certain judgments against the owner. On compliance with cer-

tain named conditions G. was to retain possession of the land, for which he had given an absolute deed to B., and it was agreed that if G. should sell the land for an amount sufficient to pay the sums expended by B., with interest, B. should reconvey the land. The defendant, although when the arrangement was made he had a mortgage lien which was superior to the judgment liens, and the payment of the money otherwise expended, urged B. to make the arrangement and to redeem the land, informing B., who had no notice to the contrary, that he had no demands against it. B. relied upon the representations, believing them to be true, and acted upon them, taking a conveyance and making the agreement as above stated.

*Held,* that B. was entitled to be subrogated to the lien of the school fund mortgage, the defendant being estopped to set up his mortgage.

SAME.—*Exhibit not Properly Part of Complaint.—Description in Complaint Controls.*—Where the description of the land in an exhibit not properly a part of the complaint differs from the description in the complaint, the complaint will control.

From the Knox Circuit Court.

*H. S. Cauthorn* and *J. M. Boyle,* for appellant.

*W. H. De Wolf, S. N. Chambers* and *E. H. De Wolf,* for appellees.

BERKSHIRE, C. J.—This action was brought by the decedent, who departed this life after the taking of this appeal.

The complaint in substance is, that heretofore, to wit, on the 26th day of February, 1870, William R. Gilmore and Louisa Gilmore executed to the State of Indiana, for the use of the common school fund, a mortgage upon certain real estate therein described, to secure the payment of a promissory note bearing the same date, executed by the appellee, William R. Gilmore; that the said mortgage was duly recorded; that after the execution of said mortgage, and subject thereto, the said William R. Gilmore and Louisa Gilmore conveyed the said real estate to Robert L. Gilmore, who at the time had actual notice of said mortgage; that after the conveyance of said real estate to the said Robert L. Gilmore the said school fund mortgage was foreclosed in the Knox Circuit Court, in an action against the said Robert L. and Louisa Gilmore, the decree and judgment of said court bearing date

October 21, 1881, the sum for which judgment was rendered being $320.90, and costs; that a certified copy of said decree issued to the sheriff of Knox county, who afterwards sold said real estate to Fuller, DeWolf and Chambers for $362, that being the amount of said judgment, including interest and costs, and on the 31st day of December, 1881, issued to them a certificate of purchase; that afterwards, and when the time for redemption was about to expire, the decedent and the said Robert L. Gilmore entered into a written agreement, signed alone by the decedent, to the effect following: "Whereas, Robert L. Gilmore has this day deeded to Samuel A. Bunting his farm in Steen township, Knox county, Indiana. Now, this writing witnesseth, that Samuel A. Bunting, in consideration of said conveyance, entered into the following agreement: He agrees to redeem said land from the sheriff's sale made December 31, 1881. He agrees to pay the following judgments against said Gilmore: a judgment in the Knox Circuit Court in favor of the Vincennes National Bank, assigned to Smiley N. Chambers *et al.*; the remainder which is still unpaid on two certain judgments of Preston *et al.*, against said Gilmore, rendered before Esquire Hilburn, transcripts of which are filed in the said circuit court; a judgment of Carroll and Bunte against Gilmore in said circuit court; the expense of said redemption, and looking after said judgments, taxes assessed and to accrue on said land. The amount of these several judgments is to be ascertained and kept account of by said Bunting. Said Gilmore is to have possession of said farm until September 1, 1883, and if at that time he shall pay to said Samuel A. Bunting two hundred dollars, he is to have possession of said farm until September 1, 1884; if at said last mentioned time he shall pay to said Samuel A. Bunting the sum of three hundred dollars he is to have possession of said farm until September 1, 1885; and if by said last mentioned day he shall pay to said Bunting the further sum of three hundred dollars then he is to have possession of said farm until the

1st day of September, 1886. It is further agreed, that if, at any time, said Gilmore shall sell said land for an amount sufficient to pay and satisfy the debts and amounts paid by said Bunting as above set forth, together with eight per cent. interest on the above sums from the date of said payments, and said purchaser shall tender to said Bunting said sums with interest as aforesaid, then in that case said Bunting agrees to convey the fee simple of said real estate, by a good and sufficient deed, to said Gilmore, or said purchaser; or in case said Gilmore can borrow said sum of money due said Bunting, and the lender shall be ready to pay him his full debt, then in that case said Bunting agrees to convey said land as aforesaid. This writing to be void in case said redemption shall be ineffectual. Witness the hand of said Samuel A. Bunting, this 1st day of January, 1883.

"SAMUEL A. BUNTING."

That on the same day the said Robert L. Gilmore executed to said decedent a deed for said real estate, and the latter paid to the clerk of the Knox Circuit Court the sum of $392, and redeemed said land from said sale; that before the execution of said agreement, D. M. Osborn & Co. had caused an execution to issue on a judgment in the Knox Circuit Court in their favor against said Robert L. Gilmore, rendered on the 15th day of February, 1881, and levied on the land in question, but which remained unsold, and that afterwards a vendi. issued thereon and executions were also issued on the said judgments in favor of the said national bank; on the 3d day of March, 1883, the said real estate was sold by the sheriff to satisfy said vendi. and said other executions to Fuller, DeWolf and Chambers, for the sum of $423.36, and a certificate of purchase issued to them, and afterwards the appellant's decedent paid to the said purchasers the amount due them on account of their said purchase and took an assignment of said certificate to Thomas and Halleck Bunting, two of his sons, for his own benefit, and the year for redemption having expired, and there hav-

ing been no redemption from said sale, the sheriff of said county of Knox executed a deed to them for said real estate, bearing date May 27th, 1884; that the appellant's said decedent paid and satisfied all of said judgments, including the judgment of D. M. Osborn & Co., which was not covered by his said agreement; and besides all of said judgments there is due to his estate on account of expenses incurred in redeeming from the said sale made on the judgment and decree in favor of the State of Indiana, and in looking after said other judgments, the sum of $100, and that no part of said sums of money so laid out and expended was ever repaid to the decedent, nor did the said Robert L. Gilmore ever pay to him any part of said sums as stipulated in said agreement to be paid by him; that after the execution of said school fund mortgage by the appellee and said Louisa Gilmore, and the execution of their said conveyance to Robert L. Gilmore, the latter executed a mortgage to the appellee on the same real estate to secure the payment of $800, but by mistake other land was described in said mortgage, and containing such misdescription said mortgage was duly recorded; that on the 4th day of February, 1887, said appellee obtained a judgment against said Robert L. Gilmore, in the Knox Circuit Court, for the sum of $1,231.80 and costs, and a decree for the sale of said real estate, and an order of sale having issued upon said decree, the appellee purchased said real estate at sheriff's sale, March 19th, 1887, for the sum of $1,343.58, that sum being the amount of said judgment including interest and costs, and now holds the sheriff's certificate therefor; that at the time of the execution of said agreement, and the payment of said sum of money as above stated, the said decedent had no actual notice of the execution of said mortgage by said Robert L. Gilmore to the said appellee, and had no knowledge whatever thereof other than the notice which the record of said mortgage furnished; that at and before the execution of said agreement by the said decedent, the appellee falsely and

fraudulently represented to the decedent that he had no demands against said real estate, and urged the decedent to redeem said lands for the said Robert L. Gilmore from the said sheriff's sale which had then been made, and that the decedent relied upon said representations as truthful, and in pursuance thereof, and because of the solicitations of the appellee, entered into the said agreement and made the payments as above stated; that the said Robert L. Gilmore was, at the time of said transactions, and still is, insolvent.

Then follows a prayer for subrogation and for all equitable relief to which the appellant may be entitled.

The appellee addressed a demurrer to the complaint, which was sustained by the court, and the appellant reserved an exception, and refusing to amend his complaint judgment was rendered against him for want of a sufficient complaint.

The only error assigned is that the court erred in sustaining the demurrer to the complaint.

The school fund mortgage is filed with the complaint as an exhibit, and the point is made that the description therein and the description as given in the complaint appear to be different, and that there is no averment that they describe the same land, hence the exhibit must control, and therefore it is not made to appear that the land described in the mortgage is the land upon which the appellant claims to have a superior lien.

A sufficient answer to this objection is that this is not an action to foreclose the school fund mortgage; it has already been merged into a judgment and decree, therefore the mortgage is not the foundation of the action, and the exhibit not properly a part of the complaint.

The next contention of the appellee is that the complaint contains no allegation that the land described in the mortgage from Robert L. Gilmore to the appellee is the land referred to in the complaint as that on which the State foreclosed its mortgage.

We think that this sufficiently appears when all the aver-

Bunting *v.* Gilmore *et al.*

ments in the complaint are considered. It is hardly neces-
sary to cite authorities to the point that the relation which
existed between Robert L. Gilmore and the decedent was that
of mortgagor and mortgagee, but see *Tuttle* v. *Churchman,*
74 Ind. 311; *Hanlon* v. *Doherty,* 109 Ind. 37; *Turpie* v.
*Lowe,* 114 Ind. 37.

The agreement which the decedent executed was not an
agreement to pay and satisfy the claim or indebtedness which
the sheriff's certificate of purchase which had been issued to
Fuller, De Wolf and Chambers represented, but it was an
agreement to redeem from the sale which had been made. It
was not a redemption by the decedent of his own land, but
a redemption as junior mortgagee.

The agreement which the decedent made was one which
he had a perfect right to make, and having thus placed him-
self in the position of a junior mortgagee, he had an interest
to protect, if that was necessary to the right of subrogation.

But the broad doctrine announced in the case of *Richmond*
v. *Marston,* 15 Ind. 134, that a volunteer purchaser at a sale
made by a public officer is not entitled to the right of sub-
rogation in case the sale is ineffectual to convey title, has
been overthrown by the later decisions of this court.

The policy of the law is to hold out inducements to per-
sons to become purchasers at such sales, and therefore when-
ever a sale is ineffectual to pass the title to the property of-
fered for sale equity recognizes the right of subrogation.

The case of *Muir* v. *Berkshire,* 52 Ind. 149, is directly in
conflict with *Richmond* v. *Marston, supra.*

That was a sale made by a school commissioner at the
court-house door, of certain real estate that had been mort-
gaged to the State to secure a loan from the school fund;
Muir, the purchaser, was a mere volunteer, having no inter-
est of any character to protect. Afterwards, in a litigation
between his heirs and the heirs of the mortgagor, the sale
was held to be absolutely void; the heirs of the mortgagor
having afterwards conveyed the mortgaged premises, the

heirs of Muir brought the action above named, claiming the right of subrogation, and demanding a foreclosure of the school fund mortgage, and the court below, following *Richmond* v. *Marston*, *supra*, held that their complaint failed to state a cause of action; they appealed to this court, and the judgment of the court below was reversed. See *Willson* v. *Brown*, 82 Ind. 471; *Bodkin* v. *Merit*, 102 Ind. 293; *Cockrum* v. *West*, 122 Ind. 372.

In the last named case the decisions of this court are collected.

If the appellant's decedent had voluntarily, and without having any arrangement with the owner of the real estate that had been mortgaged to the State, paid the amount to which Fuller, De Wolf and Chambers were entitled as purchasers at the sheriff's sale, it may be that he would have been a volunteer of that class not entitled in equity to the right of subrogation.

But, in view of the other allegations in the complaint, we think it states a good cause of action as to the judgment liens which the decedent paid, including the judgment in favor of D. M. Osborn & Co., and for money expended otherwise, as alleged in the complaint.

But for the estoppel, which we think intervenes, if the appellee's mortgage lien was senior to the said judgment liens, and the payment of the money otherwise expended by the decedent, we have no doubt but that the appellee would have the superior equity. *Peck* v. *Williams*, 113 Ind. 256; *Foltz* v. *Wert*, 103 Ind. 404.

It is averred, however, that the decedent had no actual notice that the appellee had any lien or claim upon the real estate when he received the conveyance therefor, or thereafter until after he had paid out the various sums of money as alleged in the complaint; that when he was talking of making the arrangement with Robert L. Gilmore, and at the very time of its consummation, the appellee urged him to make the arrangement and to redeem the land, and informed

him that he had no demands against it; that the decedent relied upon the representations and believed them to be true, and, acting upon the same, accepted the conveyance and executed the written agreement and paid out the said several sums of money. These facts are all admitted by the demurrer to be true, and if not sufficient to work an estoppel we imagine that it will be a little difficult to suppose a state of facts which would have that effect.

In view of the facts alleged, to permit the appellee to enforce his judgment as against the real estate involved, as a superior lien to the equities of the appellant, would be to violate every principle in equity jurisprudence, against good conscience, and to recognize what would seem to be a most palpable fraud.

The judgment is reversed, with costs, with instructions to the court below to overrule the demurrer to the complaint.

