Lewis M. Cutcheon et al. v. Augustus Buchanan et al.

[See 79 Mich. 41.]

*Fraudulent conveyances—Land contract—Equitable interest—Bill in aid of execution.*

1. The fraud covered by How. Stat. § 6203, which voids conveyances or assignments of real and personal property, or any interest therein, if made with intent to hinder, delay, or defraud creditors, is not that practiced upon the assignee or grantee of the debtor, but upon creditors; and *actual* fraud need not be intended to render the conveyance void.

2. Where insolvent debtors gave a bill of sale of their personal property, and turned over a land contract upon which they had paid $50, in fraud of their creditors, but without any actual intent on the part of the assignee to defraud them, who paid the balance due on the contract, amounting to over $800, and took the deed in his own name, and after waiting several years, with full knowledge of the facts, certain creditors obtained judgments against the debtors, and levied upon said land and personal property to satisfy the same, and filed a bill in aid of said execution, the assignee will only be decreed to turn over to the complainants whatever interest the debtors have in the property, to be determined by ascertaining what he has received therefrom, and what he has in good faith expended, which can best be accomplished by an accounting in the court below.

3. How. Stat. § 6108, authorizing the filing of bills in aid of executions, includes equitable as well as legal interests in lands, and covers a partially paid up land contract assigned in fraud of creditors; said assignor having at least an equitable interest, with the right to obtain the absolute title upon full payment.

Appeal from Kent. (Grove, J.) Argued October 15, 1891. Decided December 21, 1891.

Bill in aid of execution. Complainants appeal. Reversed, and decree entered in accordance with opinion. The facts are stated in the opinion.

*Tatem & Quinsey* (*Francis A. Stace,* of counsel), for complainants.

*D. E. Corbitt* (*E. A. Maher,* of counsel), for defendants.

GRANT, J. The bill in this case is filed in aid of two executions issued upon two judgments recovered by complainants against the defendants Augustus and John L. Buchanan and Mizner, November 9, 1887. The levy was made upon certain personal property and the real estate here in controversy. Upon the making of this levy defendant Corbitt sued complainant Cutcheon in trover for the personal property. The trial in that suit resulted in verdict and judgment for Cutcheon, upon the ground that the transfer by the Buchanans and Mizner to Corbitt was fraudulent as to creditors. This judgment, on appeal to this Court, was affirmed. *Corbitt v. Cutcheon,* 79 Mich. 41. The bill of sale then executed by them to Corbitt contained no reference to any real estate, and no other instrument than this bill of sale was ever executed by them to Corbitt. No right, title, or interest, therefore, to any real estate, passed by this transaction to Corbitt.

At the time of this sale the Buchanans and Mizner were in possession of this land under a land contract upon which they had made a payment of $50. Subsequently, but prior to the complainants' judgments, Corbitt paid the amount due upon this contract,—something over $800,—and took the title in his own name. Complainants claim that Corbitt made these payments out of the proceeds of the sales of the personal property of the Buchanans and Mizner, and that this was done for the purpose of defrauding their creditors. While this land contract was not included, in express terms, in the bill of sale, yet it was turned over at the same time by Buchanan & Mizner to Corbitt, and was a part of that transaction, whereby they conveyed to Corbitt all their property. The court below found no evidence of any fraud practiced or intended to be practiced by Buchanan & Mizner on Corbitt, but that the sale was made in good faith, for the purpose of paying their creditors, and saving something out of the property for Buchanan & Mizner. The fraud covered by the statute is that practiced upon creditors, not upon the assignee or grantee of the debtor. It has been repeatedly held by this Court that actual fraud need not be intended in order to render such conveyance void. How. Stat. § 6203, and authorities there cited. It is sufficient if the conveyance operate to delay, hinder, or defraud creditors. I think the present case comes within that rule, and therefore find no reason for a different conclusion than the one reached in *Corbitt v. Cutcheon.*

But I find no evidence of any actual intent on the part of Corbitt to defraud, and upon this point the conduct of the creditors, in waiting several years, with full knowledge of all the facts, before taking any action, has an important bearing. It was decided in the former case that they were not estopped by their delay and

apparent acquiescence in the transaction, and that decision must be final.

It is the province of equity to deal justly with all parties. It would certainly be inequitable to compel Corbitt to turn over to complainants property which he has paid for with his own money to satisfy their judgments against Buchanan & Mizner. It would also be inequitable to permit Corbitt to make any profit out of the transaction. It is equitable that he should turn over to complainants whatever interest Buchanan & Mizner have in the property. This must be determined by ascertaining what he received from the property turned over to him, and what he has in good faith expended. This can only be accomplished by an accounting, and the case will be remanded to the court below for reference to a commissioner for that purpose.

It is urged by defendants that this case is ruled by *Harwood v. Underwood*, 28 Mich. 427. We are unable to agree with this contention. In that case the debtor never had any legal or equitable title to the land. In the present case the land contract gave Buchanan & Mizner at least an equitable interest, with the right to obtain the absolute title upon payments. The statute authorizing these proceedings now includes equitable, as well as legal, interests in lands. How. Stat. § 6108.

Decree will be entered in this Court in accordance with this opinion. No costs will be allowed.

The other Justices concurred.