Fowler, Guardian, *v*. Maus *et al.*

No. 17,112.

## FOWLER, GUARDIAN, *v*. MAUS ET AL.

REAL ESTATE.—*Right of Grantee of Purchaser to be Subrogated to Rights of Lien-holders, Paid as Part of the Purchase-Price or Subsequently in Good Faith.—Equitable Relief.*—J., a married man, purchased real estate of L., subject to certain incumbrances, which he assumed to pay as a part of the purchase-money; and to indemnify L. against such incumbrances, J. executed to L. a mortgage on the real estate, in which his wife did not join. Soon afterwards, and without paying such incumbrances, J. sold the land to H., and agreed to convey the same to him by warranty deed, H. having no knowledge that J. was a married man, but believing him to be single, and having no knowledge that the land was incumbered in any way; but on H. discovering such incumbrances, J. procured satisfaction to be entered of record of all incumbrances the payment of which was secured by J.'s mortgage to L., except two mortgages and a judgment, and it was arranged, J. assenting thereto, that H., in order to obtain a clear title to the property, should obtain sheriff's deeds thereto under the mortgages, in addition to the conveyance to be made by J., H. paying said mortgages and judgments and paying to J. only the balance of the price he had agreed to pay therefor. J. executed to H. a warranty deed for the land, in which his wife did not join, which deed did not contain any assumption clause by H. of any liens or incumbrances. Sheriff's deeds were afterwards obtained by H., as arranged, and he paid the mortgages and judgments, which were entered satisfied of record, and he paid the remainder of the purchase-price to J., all of which was done by H. without knowledge that J. was a married man.

*Held*, that in an action for the wife's one-third interest, A., a remote grantee of H., is entitled to be subrogated to the mortgage executed by J. to L., so far as it secured the mortgages and the judgment paid by H., with interest, less rents exclusive of improvements.

*Held*, also, that equity will treat the incumbrances, if valid liens, as assigned to H. and not as satisfied, and H. could enforce the same against the property.

From the Marion Circuit Court.

*S. N. Chambers, S. O. Pickens* and *C. W. Moores*, for appellant.

*W. H. H. Miller, F. Winter* and *J. B. Elam*, for appellees.

MONKS, J.—This was an action for partition and accounting, brought by the appellant against the appellees.

The court, at the request of the parties, made a special finding of the facts and stated its conclusions of law thereon.

It appears from the special finding, that appellant's ward is the widow of Isaac E. Johnson, having married him in 1847; that Johnson, in 1862, bought the real estate in controversy, with other real estate, of one La-Rue, subject to large incumbrances, which he assumed and agreed to pay, as a part of the purchase-money. To indemnify his vendor, LaRue, against said incumbrances, he executed to him a mortgage on the real estate, in which his wife did not join; that soon afterwards, and without paying such incumbrances, Johnson sold the property in question and the other property, to one Heidlinger, for the consideration of $16,500, and agreed to convey said real estate to him by warranty deed. Heidlinger had no knowledge at the time nor afterwards until the bringing of this suit, that Johnson was a married man, but believed him to be unmarried. He had no knowledge that said real estate was incumbered in any way. At the time of making the purchase Heidlinger paid Johnson $200 on said contract, and then procured the records to be examined, and discovered the incumbrance on the property. Johnson thereupon procured satisfaction to be entered of record of all of the incumbrances upon said property, the payment of which was secured by said mortgage to LaRue, except the mortgage executed by Harris and the mortgage executed by one Hobbs, both held by one Wilson, and the judgment of Ellis McAlpen & Co. It was thereupon arranged, said Johnson assenting thereto, that said Heidlinger, in order to obtain a clear title to the property, should obtain sheriff's deeds thereto, under the mortgages held by Wilson, in addition

to the conveyance to be made by said Johnson, and himself pay said mortgages and the judgments in favor of Ellis McAlpin & Co., paying to said Johnson only the balance of the price which he had agreed to pay for said real estate; that the Harris mortgage was a lien on real estate other than that in controversy, while the Hobbs mortgage was a lien on the real estate in controversy in this action.   May 9, 1864, Johnson executed a warranty deed, in which his wife did not join, conveying to Heidlinger all of said real estate.   This deed did not state that said real estate was conveyed subject to any incumbrances, and contained no assumption by said Heidlinger of any liens or incumbrances.   Sheriff's deeds were afterwards obtained by said Heidlinger, as arranged.   Afterwards said Heidlinger paid the judgments and the said incumbrances, and the same were entered satisfied of record, and thereupon he paid the remainder of the purchase-money to said Johnson, all of which was done after the execution of said deed by said Johnson; that said Heidlinger took possession of said property by himself and his grantees, immediate and remote, of whom the appellee Maus is the last, and has been in open and adverse possession ever since.   The sheriff's deeds to Heidlinger were executed in foreclosure proceedings on the Hobbs mortgages held by Wilson, to which appellant's ward was not a party.   On January 16, 1883, Johnson died, leaving appellant's ward as his widow, who was adjudged to be insane, and appellant was appointed her guardian, thereupon he brought this action for partition and an accounting, claiming that his ward was owner of the undivided one-third of said real estate.

Upon the facts so found, the court stated its conclusions of law, to which appellant excepted at the time. The court below, in its conclusions of law, held that said

appellee Maus, as the remote grantee of Heidlinger, was
entitled to be subrogated to the mortgage upon said real
estate executed by Johnson to LaRue, so far as it secured
the Hobbs mortgage and the Ellis McAlpin & Co. judg-
ment, as well as to said Hobbs mortgage and said judg-
ment to the extent of the money paid thereon by Heid-
linger, with interest from January 16, 1883, less rents
exclusive of improvements; that said real estate be sold
and that the costs of this action be first paid out of the
proceeds of sale, and then a certain proportion of the
remainder be paid to appellee Maus on account of the
improvements made on said real estate, after the same
was sold by Johnson; and that two-thirds of the remain-
der be paid to said Maus and operate as a credit to ap-
pellant upon the amount due Maus on the mortgage and
judgments aforesaid, the remaining one-third, after pay-
ing the said Maus any balance which may remain unpaid
of the amount due him on said mortgage and judgments,
be paid to the appellant.

The appellant makes no complaint of the order in re-
gard to the payment of the proceeds of sale, if appellee
is entitled to be subrogated, as held by the court; but he
earnestly contends that such right of subrogation does
not exist in this case; "that an incumbrance once paid off
by a purchaser of land, which he assumed and agreed to
pay as a part of the purchase-money, is, by such pay-
ment, forever discharged; and that having once been ex-
tinguished, it can not thereafter be revived by the pur-
chaser, or kept alive for his benefit; in a word the
purchaser can not be subrogated to a lien which is once
extinguished." Citing *Birke* v. *Abbott*, 103 Ind. 1.

Appellee, on the other hand, claims "that Johnson
and his wife as well took the property subject to all liens
upon it at the date of his purchase, and that when John-
son conveyed to Heidlinger, by warranty deed, he at-

tempted to convey the title to the entire property, including the undisclosed interest of the wife, and, that in any event, the utmost of such undisclosed interest as against Heidlinger, was the inchoate one-third interest of the wife, in the excess of value of said real estate over and above the incumbrances.''

It is clear, from the facts found, that if Johnson had died the owner of said real estate, without said incumbrances having been paid, his widow's interest therein would have been subject to the lien of said judgments and mortgages. *Nutter* v. *Fouch*, 86 Ind. 451; *Keith* v. *Hudson*, 74 Ind. 333; *Walters* v. *Walters*, 73 Ind. 425; *McCaffrey* v. *Corrigan*, 49 Ind. 175; *Fisher* v. *Johnson*, 5 Ind. 492; *Talbott* v. *Armstrong*, 14 Ind. 254.

In such case she would be entitled to have one-third of said real estate if the two-thirds would pay the incumbrances, but if the two-thirds were not sufficient to pay the same she would only be entitled to what remained after the incumbrances were paid. *Bowen* v. *Lingle*, 119 Ind. 560.

This is the legal effect of the conclusions of law stated by the court, and the decree entered in this case.

If Heidlinger did not agree with Johnson to assume and pay the incumbrances as a part of the consideration for the real estate, it is not claimed by appellant that the conclusions of law and decree of the court are incorrect. *Hancock* v. *Fleming*, 103 Ind. 533; *Birke* v. *Abbott*, 103 Ind. 1; *Adams* v. *Wheeler*, 122 Ind. 251.

As we understand the special finding, Heidlinger did not agree with Johnson to assume and pay the incumbrances on the real estate as a part of the consideration therefor, nor did he in any way become primarily liable for the same. The arrangement made with the assent of Johnson that Heidlinger should obtain sheriff's deeds and pay the incumbrances mentioned, was to protect and

give him a clear title to the land, and did not make him personally liable therefor.  We think, however, that the conclusions of law stated by the court and the decree rendered would be correct, even if the special finding stated that Heidlinger agreed to pay the incumbrances as a part of the purchase-money.  Certainly no one would contend that if Johnson had no title and conveyed none to Heidlinger, he, Heidlinger, would not be subrogated to the incumbrances paid by him in good faith, in ignorance of the want of title in Johnson, even though he had assumed and agreed to pay the same as part of the purchase-money.  In such case the payment would be made under a mistake of fact, and equity would treat the incumbrances, if valid liens, as assigned to Heidlinger and not as satisfied, and he could enforce the same against the property.  This would be eminently fair, just, and equitable, and is abundantly sustained by authority.  *Dillow* v. *Warfel,* 71 Iowa, 106; *Betts* v. *Sims,* 35 Neb. 840, 37 Am. St. Rep. 470; *James* v. *Burbridge,* 33 W. Va. 272; *Goring* v. *Shreve,* 37 Ky. (7 Dana), 64; *Muir* v. *Berkshire,* 52 Ind. 149; *Whitehead* v. *Cummins,* 2 Ind. 58; *Crosby* v. *Taylor,* 15 Gray (Mass.), 64; *Sidener* v. *Hawes,* 37 Ohio St. 533; *Phillips* v. *Chamberlain,* 61 Miss. 740; *Rhead* v. *Hounson,* 46 Mich. 243; *Cutcheon* v. *Buchanan,* 88 Mich. 594; *Tompkins* v. *Sprout,* 55 Cal. 31; *Smith* v. *Grimes,* 43 Iowa, 356; *Fordyce* v. *Hicks,* 76 Iowa, 41; Sheldon Subrogation, sections 30, 31, 33, 34 and 36a.

In *Dillow* v. *Warfel, supra,* a husband and wife owned land jointly which was subject to a lien for purchase-money.  The husband sold said real estate, representing to the vendee that he was authorized by his wife to do so, when in fact he was not.  The vendee, as a part of the purchase-money, assumed and agreed to pay said vendor's lien on said real estate, and in pursuance of his agreement paid

the same.   It was held that the wife was the owner of
the undivided one-half of said real estate, and said ven-
dee of the other undivided one-half thereof, and that said
vendee was entitled to be subrogated to the right of the
holder of the vendor's lien which he had paid, and could
enforce the one-half thereof against the wife's interest in
said real estate.

In *Betts* v. *Sims, supra,* one Betts, a married man, was
the owner of a homestead which could not be conveyed
or encumbered except by deed of both husband and wife.
Betts and his wife executed two mortgages thereon
amounting to $1,100.   Afterwards Betts conveyed the
real estate to one Bentley by deed, in which his wife did
not join.   Afterwards Bentley conveyed the real estate to
one Brown, who assumed and agreed to pay said mort-
gages as a part of the purchase-money therefor.  After the
conveyance to him Brown mortgaged the premises to one
Bidleman for $1,150, with the proceeds of which he paid
off and satisfied the two mortgages executed by Betts and
wife.   Brown then conveyed the real estate to Sims,
who, in consideration thereof, assumed and agreed to
pay said mortgage of $1,150, which he afterwards did,
and the same was entered satisfied of record.   The court
held that no title passed by the deed of Betts to Bentley,
for the reason that his wife did not join therein; that
neither Bentley, Brown, nor Sims had any title to said
premises; that Sims, believing in good faith that he owned
said real estate, having paid off said mortgage, was en-
titled to be subrogated to rights of the mortgagees in the
mortgages paid by Brown and to have the same revived
and enforced for his benefit against the premises.

In *James* v. *Burbridge, supra,* it was held that when a
purchaser of land, pursuant to a contract, pays as a part
of the purchase-money, a lien on land binding his ven-
dor's estate in it, and such contract of purchase is aban-

doned by the parties, and the vendor becomes unable to execute it, though the purchaser took no assignment when he so paid the lien, yet he is entitled to be subrogated to such lien and equity will keep it alive for his indemnity.

In *Goring* v. *Shreve, supra,* it was held that when a purchaser of real property assumes and agrees to pay incumbrances on said property, as a part of the purchase-money therefor, and does pay the same, believing in good faith that he is the owner of the real estate, when in fact he has no title, he is entitled to be subrogated to such incumbrances as are valid liens, and can enforce the same against such property.

Upon the same principle it is held in this and other jurisdictions, that purchasers at sales by executors, administrators, guardians, or trustees, or at foreclosure, etc., execution or other sales of like nature, or the grantees of such purchasers, will be subrogated to the rights of the holders of claims, which are paid by the purchase-money, or that they subsequently pay in good faith, in the event that the sale is ineffectual to convey title to the property sold.

*Watkins* v. *Winings,* 102 Ind. 330; *Willson* v. *Brown,* 82 Ind. 471; *Bodkin* v. *Merit,* 102 Ind. 293; *Bunting* v. *Gilmore,* 124 Ind. 113; *Blodgett* v. *Hitt,* 29 Wis. 169; *Levy* v. *Martin,* 48 Wis. 198; *Valle's Heirs* v. *Fleming's Heirs,* 29 Mo. 152, 77 Am. Dec. 557; *Hudgin* v. *Hudgins Exr.,* 6 Gratt. 320, 52 Am. Dec. 124; *Caldwell* v. *Palmer,* 6 Lea (Tenn.) 652; *Martin* v. *Turner,* 2 Heisk. (Tenn.) 384; *Webb* v. *Williams,* 1 Walkers Ch. (Mich.) 444; *Mining Co.* v. *Mining Co.,* 116 Ill. 170; *Dutcher* v. *Hobby,* 86 Ga. 198, 22 Am. St. Rep. 444; *Everson* v. *McMullen,* 113 N. Y. 293, 10 Am. St. Rep. 448; *Scott* v. *Dunn,* 1 Dev. & Bat. Eq. (N. C.) 425, 30 Am. Dec. 174 (177–182); *Perry* v. *Adams,* 98 N. C. 167, 2 Am. St. Rep.

Stewart *v.* Chicago, etc., R. R. and Chicago and Indiana Coal Ry. Co.

362 (329); *Chaffe* v. *Oliver,* 39 Ark. 531; *Homeopathic Mutual Life Ins. Co.* v. *Marshall,* 32 N. J. Eq. 112; *Brewer* v. *Nash,* 16 R. I. 458; *Temperance House* v. *Fowle,* 22 Ore. 303; *French* v. *Grenet,* 57 Tex. 273; *Spaulding* v. *Harvey,* 129 Ind. 106; Sheldon Sub. Sec. 40, 209.

Such being the rule when no title is conveyed, or if conveyed is set aside, the same rule applies in this case, where one-third instead of the entire property is in question.

We think the facts found by the court fully sustain the decree entered, and that there is no error in the record.

Judgment affirmed.

Filed Mar. 20, 1895.