Elizabeth C. McLanahan

*v.*

Patrick Griffin *et al.*

*Opinion filed November 1, 1897.*

Dower—*effect of husband's false statement that he was a single man.*
A false statement by the husband at the time of executing a deed
that he was "a single man," of which the wife has never had knowl-
edge, will not affect her right to dower in the property, by estop-
pel or otherwise.

Writ of Error to the Circuit Court of Moultrie
county; the Hon. E. P. Vail, Judge, presiding.

I. R. Mills, Harbaugh & Whitaker, and D. H. Zepp,
for plaintiff in error.

John R. & Walter Eden, for defendant in error
Cynthia Walston.

Mr. Justice Cartwright delivered the opinion of the
court:

Plaintiff in error commenced this suit in the circuit
court of Moultrie county by filing her petition against
defendants in error for the assignment of dower in the
undivided half of four hundred and twenty acres of land
in that county.   Answers were filed denying her claim to
dower, and the cause was referred to the master in chan-
cery, who took the evidence and reported in her favor,
recommending that the prayer of her petition should be
granted.   On a hearing exceptions to this report were
sustained and the petition was dismissed.

Eva F. McLanahan and James McLanahan, her half
brother, were the owners in fee of the four hundred and
twenty acres of land as tenants in common by descent
from their father, John McLanahan.   On March 23, 1874,
Eva F. McLanahan, who lived at Waukon, Iowa, con-
veyed by quit-claim deed all her interest in said estate

to William McLanahan, her uncle, the husband of petitioner, who resided with him at Nokomis, Montgomery county, Illinois. On May 28, 1877, William McLanahan, by his individual deed, conveyed the said interest to Mary A. Corbin, widow of John McLanahan and wife of William P. Corbin, for the term of her natural life, with remainder over to her son James McLanahan, or, in a certain contingency, to her daughter Sarah C. Ashworth. The defendants claimed title by deed from Mary A. Corbin and those interested in the remainder under that deed from William McLanahan. Petitioner's husband, William McLanahan, died May 13, 1893. There was evidence that when petitioner's husband executed the deed he said that he was a single man. The statement was false, and petitioner did not hear it made or know of it, so that it did not affect her right to dower, by estoppel or otherwise.

It was averred in the answers that William McLanahan conveyed the land merely as the agent of Eva F. McLanahan; that he held title as such agent; that he had no beneficial interest in the land, and that, consequently, no right of dower attached. There was nothing in the form of the transaction from which an agency could be implied or which gives any support to this averment. In form there was a sale by Eva F. McLanahan to William McLanahan, and a sale by him to Mary A. Corbin. The only evidence offered by defendants to support the averment and prove that the transaction was different from what it appeared, consisted of statements made by William McLanahan, in connection with the false assertions that he had no wife and that he had made nothing out of the transaction, but had paid to Eva F. McLanahan all the money received by him from Mary A. Corbin. The evidence was that he told Mary A. Corbin he was acting for Eva F. McLanahan, and would wrong her out of all he could; and stated to her and her attorney, Mouser, that he was agent of Eva F. McLanahan and had been acting as her agent in the entire transac-

tion.   The other statements made at the same time were unquestionably false.   He was married and living with his wife at Nokomis.   He had given Eva F. McLanahan his note for $3000 for her interest in the land and never paid her a cent on it, but had kept the purchase money received from Mary A. Corbin.   This sort of evidence would hardly do to·sustain the averment; but even this was squarely contradicted on the part of petitioner by Eva F. McLanahan, the supposed principal, who had afterwards been married to one Bircher.   She testified that William McLanahan was not her agent.   When she made the deed she knew that he expected to sell to Mrs. Corbin.   He told her so, and that Mrs. Corbin would buy it of him if he could get it.   She testified that the sale to him was absolute and that no agency was created, although she knew that he was purchasing so as to be able to sell to Mrs. Corbin.   Her conduct at the time and afterward showed that there was no agency.   She took his note for $3000 and made efforts to collect it from him, and was still trying, without success, ten years after. A little over two months after she made the deed he entered into a contract with Mrs. Corbin to make the conveyance to her, which he executed three years afterward. There was some money paid then and notes were given for the balance.   Eva F. McLanahan knew of this contract soon after, and during all the three years before the deed was made, although she could get nothing from William McLanahan, she never made any claim that he was her agent, and did not communicate with Mrs. Corbin in regard to payment or seek in any way to reach the fund or hold Mrs. Corbin liable.   Every statement made by William McLanahan in connection with his declaration as to the nature of his title was knowingly and willfully false, and that declaration can have no weight as against the testimony of a credible witness, verified by her conduct and the circumstances of the transaction.

The argument that Eva F. McLanahan might have had a vendor's lien on the land in the hands of William McLanahan, or might have had some remedy against it in the hands of Mrs. Corbin on the ground that she was affected with notice of some right in her, cannot avail here. If Eva F. McLanahan had any right she did not enforce it, and the land was free from any claim by her in the hands of defendants, as grantees of Mrs. Corbin and the remainder-men.

We think that the exceptions to the master's report were improperly sustained, and the decree will be reversed and the cause remanded, with directions to enter a decree in accordance with the views herein expressed.

*Reversed and remanded.*