## CAZIER v. HINCHEY, *Appellant*.

### Division One, March 8, 1898.

1. **Evidence**: HEARSAY: WIDOW'S DOWER.   The court properly rejected as hearsay and as having no tendency to prove the execution of an instrument that would deprive plaintiff of dower, the deposition of a witness that about forty-five years prior to the trial a written agreement was entered into by plaintiff and her husband by which he was "to give her so much of the property, some money, and she was never to come back to him;" that he saw this writing some years afterward in Missouri, and that all the information he ever had as to the contents of the agreement was *derived from a woman with whom the husband lived* but to whom he was never married, there having never been a divorce from the plaintiff.

2. ———: SUFFICIENCY TO ESTABLISH DOWER.   Proof of the marriage, death of the husband, title in the husband to the land in question during the marriage, possession of the husband under that title, his subsequent conveyance of the premises in which she did not join, the acquisition of this title by defendant and his possession thereunder at the time of the suit, makes a complete case in a suit by his widow for dower. But a widow suing for dower is not held to a strict proof of her husband's title, as she is not the keeper of his title papers; but proof of possession of the husband under claim of title during the marriage, and proof of possession of the defendant under the husband when suit is brought, are *prima facie* sufficient evidence of the husband's seizin and of the widow's right to dower upon the death of the husband.

3. ———: ASSIGNMENT IN PARCELS. Where all the lands in which the widow is suing for dower belong to one person, it is not necessary to assign dower in each parcel, but the commissioners should assign it altogether.

*Appeal from Ray Circuit Court.*—HON. E. J. BROADDUS, Judge.

AFFIRMED.

*F. B. Ellis* for appellant.

(1) The deposition of Oyler should have been admitted in evidence; it tended to prove that there was a marriage settlement between the plaintiff and James Cazier, admitting that the evidence was hearsay. (2) Post-nuptial agreements for separation and maintenance will bar dower, although the intervention of a trustee are valid, and, where accepted by the wife in lieu of dower, will be held to bar her dower right. *Gorbert v. Bowling*, 81 Mo. 214; *Roberts v. Walker*, 82 Mo. 200; *Lyons v. Phillips*, 18 Mo. 23. (3) Marriage settlements, like marriages, can be proven by hearsay testimony. The deposition and testimony of Oyler should have been admitted. *Eilliotte v. Piersal*, 1 Pet. 328; *Fowler v. Simpson*, 15 S. W. Rep. (Tex.) 682; 1 Greenl. on Ev. 103. (4) The evidence of Oyler tended to prove that the plaintiff had relinquished all right or claim to dower in any property of the said James Cazier, her husband; if by her declaration of that time, parties were thereby advised and purchased land, she is estopped from claiming dower. *Hart v. Giles*, 67 Mo. 175; *Galbreth v. Lunsford*, 9 S. W. Rep. (Tenn.) 365; *Coal Run Coal Co. v. Jones*, 29 N. E. Rep. 89; *Emery v. English*, 23 Ct. (Conn.) 753; *In re Meyrson*, 28 Pac. Rep. (Ore.) 388. (5) The copy of deeds should not have been admitted in evidence for the reason it was not shown that they were not in the custody of

plaintiff, nor did the copy of deeds have the certificate of the recorder who recorded said deeds. A record copy of a deed can not be introduced until the non-production of the original is accounted for, by showing that it is not in the power of the party wishing to use it. *Stroin v. Murry*, 49 Mo. 337; *Farrel v. Brown*, 32 Mo. 328; *Carr v. Carr*, 36 Mo. 408. (6) The court should not have approved the report of the commissioners, for the reason, if no other, that the only title which was proven in Cazier was the land in section 10 which was, according to the proof, entered with money belonging to his wife number 2, which was excluded by the court. *Fountaine v. Boatmen's Saving Institute*, 57 Mo. 552; *Moran v. Williams*, 25 Mo. App. 22; *Gentry v. Woodson*, 10 Mo. 224. (7) When the dower sought to be assigned, and the land is in several tracts, then the dower must be assigned in each tract separately. In this tract the dower was assigned in one contiguous piece, which was prejudicial to defendant. *Thomas v. Herse*, 34 Mo. 13. (8) In this case, the commissioners made no deduction for taxes, which they should have done. *Runnels v. University*, 96 Mo. 226; *Griffin v. Reyan*, 79 Mo. 73.

*H. T. Herndon* and *W. G. Cochran* for respondent.

(1) Three things are necessary to the existence of dower: the marriage of the parties, the seizin of the husband, and the death of the husband. Washburn on Real Prop., p. 169. (2) The record of a deed is admissible in evidence when a proper foundation is laid. R. S. 1889, sec. 2428. And a certified copy is admissible in all cases where the record would be. (3) Proof that the defendant is in possession under the husband, directly or indirectly, is sufficient evidence

of the husband's seizin. *Gentry* v. *Garth*, 10 Mo. *loc. cit.* 145. (4) Plaintiff was entitled to her dower according to the value of the land at the time of the assignment, less any increased value by reason of improvements. *McClanahan* v. *Porter*, 10 Mo. 746. (5) "The right of dower attaches whenever there is a seizin by the husband during the marriage, and unless it is relinquished by the wife in the manner prescribed by law, it becomes absolute at the husband's death. *Grady* v. *McCorkle*, 57 Mo. 174.

BRACE, P. J.—This is an action for assignment of dower in two hundred and five and one-half acres of land in Clinton county, brought in the circuit court of that county, and thence taken by change of venue to the circuit court of Ray county. From the judgment of the circuit court of Ray county assigning plaintiff dower in said land and for damages, the defendant appeals.

The common source of title is James Cazier, who died in the year 1891. The plaintiff and James Cazier were married in Kentucky on the twenty-seventh of May in the year 1839, and thereafter lived together as man and wife for several years and until the breaking out of the war with Mexico, when he enlisted as a soldier and thereafter never returned to his wife and his children by her born of the marriage, then living in the State of Illinois. They were never divorced. In 1849 when Cazier was next heard of he was living in Iowa with a woman whom he claimed to have married in Missouri about a year before that time, and whose name prior thereto was Elizabeth Oyler. Upon hearing that her husband was living near Council Bluffs, Iowa, the plaintiff, about the year 1851, with their children, went to his place in Iowa, but finding this condition of affairs returned with her children to the

Cazier v. Hinchey.

State of Illinois, where she has since continued to reside. In 1856, Cazier and wife number two moved to Missouri and he acquired title to part of the lands in controversy during that year; and to the remainder in the years 1857 and 1859, and thereafter remained in possession of the same until by *mesne* conveyances from him his title to the land passed to the defendant, under which he claims and is now in possession. After Cazier had conveyed the premises and in the year 1865, he left the State. During all the time he resided in Clinton county he lived with *wife number two.* She joined with him in the deeds of conveyance, and they conducted themselves in all respects as man and wife. She died in March, 1891. Cazier died in Idaho in October, 1891, and this suit was commenced on the nineteenth of July, 1893. By the judgment of the court sixty-seven and one-half' acres of the land was assigned to the plaintiff as her dower, and damages for the detention thereof since the institution of the suit assessed at the sum of $165 was adjudged in her favor. The errors insisted upon in this court for reversal are the exclusion of the deposition of William Oyler, the admission of copies of the deeds of conveyance in Cazier's chain of title in evidence, the assignment of the whole dower in a single tract of land, and that no deduction for taxes was made by the commissioners in assigning the dower.

1. William Oyler was a son of Elizabeth, wife number two, by a former marriage, and was between five and nine years of age when plaintiff visited her husband's place in Iowa and found him and the mother of witness living together as husband and wife. The substance of his deposition is that at that time there was some sort of an agreement made between plaintiff and James Cazier by which he was "to give her so much of the property, some money, and she

was to never come back to him;'' that some writing was drawn at the time by a Mr. Dalrimple, who he thinks was a justice of the peace; that he saw this writing afterward in Missouri in the year 1856; that all the information he had in regard to its contents was derived from what his mother told him. It is quite too plain for argument that the court committed no error in rejecting this evidence which was purely hearsay in character, and did not tend to prove the execution of such an instrument in writing as could have the effect of barring the plaintiff's right of dower, or of such conduct upon her part as would estop her from asserting it.

2. The court committed no error in admitting certified copies of the record of the deeds in Cazier's chain of title after evidence tending to prove that the originals were not and never had been in plaintiff's possession, had been first introduced, as was done in this case. While a widow suing for dower is not held to strict proof of her husband's title, as she is not the keeper of his title papers, and while proof of possession of the husband under claim of title during the marriage and proof of possession of the defendant under the husband when suit is brought are *prima facie* sufficient evidence of the husband's seizin and the widow's right to dower upon the death of the husband (*Gentry v. Garth*, 10 Mo. 227; 2 Scribner on Dower [2 Ed.], p. 212, sec. 19 *et seq.*); plaintiff's proof in this case went further, showing title in her husband during the marriage, possession of the husband under that title, his subsequent conveyances of the premises in which she did not join, the acquisition of the title thus conveyed by the defendant, his possession of the premises under that title at the time suit was brought, and the death of her husband, thus completely making out her case beyond a cavil or a doubt.

3. In support of the third assignment of error the case of *Thomas v. Hesse*, 34 Mo. 13, is cited. In that case it was held that where several parcels of land in which a widow had a right of dower was held by different persons her dower should be assigned in each parcel separately. In this case however all the land was held by the same person, and there was no reason of necessity for assigning dower in each parcel. The commissioners did right in assigning it altogether.

4. We find nothing in the abstract to indicate that the commissioners in assigning the dower were not governed by the principles laid down in *Rannels v. Washington University*, 96 Mo. 226, which is cited in support of the fourth assignment of error, or that the court before whom the case was tried without a jury did not take into consideration the question of taxes if any such there was in the case, in the assessment of damages. Counsel for appellant contend in their argument that under the circumstances of the case the plaintiff should be estopped from asserting her right to dower, but upon no known principle of the law can this be done; and finding no error in the trial of the case affecting the merits, the judgment of the circuit court is affirmed. All concur.