Van Buskirk *v.* Summitville Mining Company
et al.

[No. 5,642.    Filed June 6, 1906.]

1. Judicial Sales.—*Title Transferred.*—The purchaser at a judicial sale receives only the title owned by the judgment debtor. p. 200.
2. Same.—*Prior Injuries to Property Sold.*—*Caveat Emptor.*—The purchaser of property at a judicial sale is not entitled, as purchaser, to damages for injury to the property prior to such sale, the doctrine of *caveat emptor* applying to such purchases. p. 200.
3. Same. — *Mechanics' Liens.* — *Lands Purchased under Foreclosure of, Title Relates to What Time.*—Where lands are purchased under a decree foreclosing a mechanic's lien, the title received relates back to the time of the inception of the lien. p. 201.

From Superior Court of Madison County; *Henry C. Ryan,* Judge.

Action by Frank Van Buskirk against the Summitville Mining Company and another. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*John R. Thornburg* and *David L. Bishop,* for appellant.
*Fred E. Holloway* and *Frederick Van Nuys,* for appellees.

Myers, J.—Appellant in the court below stated his cause of action against appellees in a complaint in two paragraphs. The first paragraph shows that on September 22, 1903, appellant became the owner of a natural gas well,

tubing, casing, fixtures, etc., by virtue of a deed executed by the sheriff of Madison county, Indiana, pursuant to and in compliance with an order of the Superior Court of Madison County in a mechanic's lien foreclosure proceeding instituted and carried on by appellant and Daniel Van Buskirk; that by virtue of a decree for the sale of the property, to satisfy a judgment for $68.55, the sheriff of Madison county, on June 28, 1902, sold the same to appellant at his bid of $25; that the property at the time of the sale was of the reasonable value of $500; that after the sale, and before appellant received a deed therefor, appellees wrongfully and unlawfully, by pulling the tubing and casing from said well and by removing the fixtures attached thereto and converting the same to their own use, damaged and destroyed said property and rendered it wholly worthless and of no value, to the damage thereof in the sum of $500. The second paragraph avers practically the same facts as stated in the first, except that it alleges that the injury to the property took place some time between the filing of the notice of intention to hold a lien and the day appellant received the sheriff's deed.

The issues were closed by a general denial to each paragraph of the complaint. The issues thus formed were submitted to a jury for trial, and at the close of appellant's evidence, at the direction of the court, the jury returned a verdict for appellees. Motion for a new trial overruled, and judgment on the verdict of the jury rendered in favor of appellees. Error in overruling appellant's motion for a new trial presents the only question for our decision.

Appellees suggest that the record does not affirmatively show that the bill of exceptions incorporating the evidence was filed with the clerk after the same was settled, and by the court ordered to be made a part of the record. From our examination of the record on this subject, we are of the opinion that the evidence is in the record, and that appellee's suggestion is not well founded.

Van Buskirk v. Summitville Min. Co.—38 Ind. App. 198.

Appellant, as reasons for a new trial, claims that the court erred in instructing the jury, over his objection, to return a verdict for appellees; that the verdict is not sustained by sufficient evidence and is contrary to law.

Appellant, in support of his complaint, introduced in evidence the original notice of intention to hold a mechanic's lien, and all the pleadings in the case wherein the lien was foreclosed, together with all the proceedings had thereon leading up to and including the sale of the property to him; also his deed from the sheriff, executed September 22, 1903. From the undisputed facts, it also appears that the Summitville Mining Company, the owner of the well in question, about three or four weeks prior to December 21, 1901, removed the tubing, casing and other fixtures from the well, and thereafter abandoned it; that the action to foreclose the mechanic's lien was commenced April 23, 1901, and judgment for $68.55, and decree foreclosing the lien rendered March 4, 1902, and the property sold to appellant by the sheriff by virtue of said decretal order June 28, 1902; that appellant first learned of the worthless condition of the well September 23, 1903.

It is clear from the undisputed facts in this case that there has been no change in the condition of the property since the day of sale by the sheriff, and its purchase by appellant. It was sold at public vendue.

1. Appellant bid for and bought the interest of the Summitville Mining Company. The execution of the sheriff's deed perfected in him that interest. *Watts v. Sweeney* (1891), 127 Ind. 116, 22 Am. St. 615.

As a judicial-sale purchaser appellant's rights must be measured, for as such purchaser only does he make a claim.

2. He treats the sale as valid, and seeks to recover damages for an injury done to the property prior to its purchase by him. As one of the lien holders, he was interested in preserving the property, to the end that payment of his claim might be coerced. The sale, un-

redeemed from by the owner, freed the property from the lien, and from that time on his interest was that of a purchaser. From the day of the sale he assumed a new relation to the property, and the fact that he was a party to the decree under which the sale was made, will not benefit him in this action. As a bidder and purchaser of the property, his position was the same as a stranger, and he was bound by the rule of *caveat emptor.*

Appellant is not seeking to avoid the sale and recover the purchase money on account of fraud or for any other cause, consequently any claim here on that account

3. can have no bearing. His position, as we understand it, is based upon what the courts and law writers designate as the doctrine of "relation," whereby the title of a purchaser under a judicial sale relates back to the date of the lien. *Paxton* v. *Sterne* (1891), 127 Ind. 289; *Merritt* v. *Richey* (1891), 127 Ind. 400; *Jarrell* v. *Brubaker* (1898), 150 Ind. 260, 267. The doctrine of "relation" is applicable to the case at bar; for by it appellant's title to the property purchased by him from the sheriff is made to relate back to the day the mechanic's lien became effective. Rorer, Judicial Sales (2d ed.), §§191, 366. While this is true, it cannot be used or applied to defeat the elementary and well-settled rule of *caveat emptor,* nor to create additional rights outside of the subject of the purchase. Its real office being to secure to the purchaser the interest of the debtor or owner of the property or thing as sold, as of the date the lien attached, thereby "cutting out all intermediate transfers and encumbrances." 2 Dembitz, Land Titles, §174. We cannot give the doctrine of "relation" the effect and broad application appellant here claims for it, and not to do so is decisive of this appeal against appellant.

Judgment affirmed.