## STEVENS ET AL. v. WOODERSON.

[No. 5,811. Filed October 12, 1906.]

1. PLEADING. — *Answer.* — *Estoppel.* — *Husband and Wife.* — An answer, to estop an undivorced wife from asserting her rights in land afterwards sold by her husband, an alleged subsequent wife executing the deed with him, is bad, where it fails to show that plaintiff knew that the husband owned the land, was trying to sell it, or that the purchaser relied upon or was induced to buy it by reason of anything plaintiff did. p. 619.

2. ESTOPPEL.—*Misrepresentations.*—*Belief in.*—*Action Upon.*— Misrepresentations, to be sufficient to create an estoppel, must be believed and acted upon to the plaintiff's injury. p. 619.

3. APPEAL AND ERROR.—*Weighing Evidence.*—The court cannot weigh conflicting oral evidence on appeal. p. 619.

4. HUSBAND AND WIFE.—*Subsequent, Void Marriage.*—*Rights of Widows.*—The legal widow takes her statutory rights in all of her deceased husband's property, in whose transfer she did not join, though the grantee was ignorant of her marriage to such husband and believed him married to the woman who lived with him and who joined in the execution of the deed. p. 620.

From Starke Circuit Court; *Harley A. Logan,* Special Judge.

Suit by Elmira J. Wooderson against Dora A. Stevens and another. From a decree for plaintiff, defendants appeal. *Affirmed.*

*Burson & Burson* and *W. A. Foster,* for appellants.

*George W. Beeman* and *Rich & Rich* for appellee.

ROBINSON, C. J.—Some time in 1882 Thomas P. Wooderson, at South Bend, Indiana, secured a divorce from his

wife, Phoebe, and afterwards, on October 10, 1882, at Niles, Michigan, was married to appellee, Elmira J. Wooderson, and they lived together at South Bend as husband and wife until in November, 1885, when they separated. They were never divorced. Sometime between November, 1885, and August, 1888, Thomas P. Wooderson was in Iowa, and while there married Mary Wooderson. He was divorced from her in Starke county, Indiana, October 24, 1888, by decree of the Starke Circuit Court. In November, 1888, in Starke county, he married Matilda Harkins. They were divorced by decree of the Starke Circuit Court on January 17, 1894. On January 29, 1894, they were remarried in Starke county, and were again divorced by decree of the Starke Circuit Court June 5, 1894. In April, 1894, Thomas P. Wooderson went to Kentucky, and a short time prior to July 13, 1894, he returned to Starke county with Ettolia Wooderson, a woman whom he held out to be his wife, and who had a marriage certificate dated "the fore part of April, 1894," and showing that they had been married in Kentucky. Wooderson had his place of residence continuously in Starke county, Indiana, from November, 1885, to August, 1894. He died in Ohio in 1896. On August 4, 1894, Thomas P. Wooderson and Ettolia, as his wife, executed to appellant Dora A. Stevens their warranty deed for certain real estate in Starke county, which includes the lands in controversy, which deed was recorded August 9, 1894, and for all the lands conveyed appellant paid $1,200. For twenty-four years last past appellee has lived continuously at South Bend, and had not visited Starke county prior to the commencement of this suit, and has not executed or joined in any conveyance for the land in controversy, and has never received any part of the proceeds from sales of land of Thomas P. Wooderson. Additional facts are set out in the finding, authorizing the conclusions drawn, that appellee is the widow of Thomas P. Wooderson, owns in fee the

undivided one-third of the land, and is not estopped from asserting her interest therein.

The second paragraph of appellant Dora A. Stevens's answer, which undertakes to plead 'facts that would estop appellee from claiming title, and to which a demurrer was sustained, is bad, if for no other reason than because of its failure to show that appellee knew after her husband left her in 1885 that he was the owner of real estate in Starke county, and that he was selling and attempting to transfer it. Neither does the paragraph allege that appellant Stevens relied upon anything that was said or done by appellee, and that she was induced thereby to take the deed, but alleges that she was induced to accept the conveyance from Thomas P. and Ettolia Wooderson because the public records disclosed that the title was in Thomas P. Wooderson, and because of the "general reports in the town of Knox and neighborhood and the appearances and actions of the parties, whereby she was led to believe, and did believe, that said Wooderson was the legal husband of said Ettolia, who signed said deed as his wife." The rule is thus stated in 2 Pomeroy, Eq. Jurisp. (2d ed.), §812: "Whatever may be the real intention of the party making the representation, it is absolutely essential that this representation, whether consisting of words, acts, or silence, should be believed and relied upon as the inducement for action by the party who claims the benefit of the estoppel, and that, so relying upon it and induced by it, he should take some action. The cases all agree that there can be no estoppel, unless the party who alleges it relied upon the representation, was induced to act by it, and thus relying and induced, did take some action."

We cannot disturb the finding upon the evidence. Considering all the evidence, the court could properly conclude that appellee was not estopped from asserting title to the land. This suit was brought in 1904, and it is found as a fact that appellee had no knowledge

that Thomas P. Wooderson was conveying real estate, and had no knowledge, until a short time prior to the beginning of this action, that he had at any time owned the lands in question.

The evidence discloses that from 1882 to 1894, so far as Wooderson was concerned, the matrimonial bureau was in perfect working order, and that during those 4. years the divorce machine was working with faithful regularity, except that sometime between 1885 and 1888 it failed to register, and again in 1894, when it seems to have registered late. It is true appellant Stevens was misled into believing that when the deed was made Ettolia was the lawful wife of Thomas P., but she was not relying upon anything that appellee had said or done. It was generally reputed in the neighborhood that they were husband and wife, but it seems this had at one time been doubted by a committee of women who visited the couple and requested to see the marriage certificate. Appellant Stevens testified that she knew Ettolia Wooderson; that at or about the time the deed was made she had a conversation with Ettolia; that Ettolia exhibited to the witness her marriage certificate; that witness remembered the marriage certificate stated that Thomas P. and Ettolia were married at West Liberty, Kentucky, the "fore part of April, 1894," "along in the spring of 1894;" that while they were negotiating for the purchase of the land the witness heard that Wooderson had obtained a divorce from Matilda Harkins; that she heard it from Mr. Wooderson himself; that her husband examined the records in relation to the land and told her what the records showed. So that it seems there was some doubt in appellant Stevens's mind at the time the deed was made as to whether Ettolia was the lawful wife of Thomas P. And at that time the records of the Starke Circuit Court disclosed that Thomas P. was not divorced from Matilda after the second marriage with her until June 5, 1894, which was subsequent to the date which appellant

says the certificate showed his marriage with Ettolia. The evidence shows, and the court finds, that from the time Wooderson put aside appellee and married Mary, and continuously until the deed was made, he resided in Starke county, and that he never was divorced from appellee.

Judgment affirmed.